[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence February 24, 1995
Date of Application February 24, 1995
Date Application Filed March 10, 1995
Date of Decision October 24, 1995
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven.
Docket Number: CR 6 — 389958;
Christopher P. Demarco, Esq., Defense Counsel, for Petitioner. CT Page 12510-A
Robert J. O'Brien, Esq., Assistant State's Attorney for the State.
Sentence Affirmed.
By the Division:
The petitioner entered a plea of guilty to a charge of Robbery, 1st degree (Connecticut General Statutes § 53a-134(a)(4). At the time he was aware of a Court indicated sentence of 12 years. He was sentenced to a term of 11 years.
The case involved a car-jacking at gunpoint and the taking of some $140.00 from the victim in addition to the automobile.
The petitioner asks the Division to consider that a co-defendant, Susan Wynn(phonetic), was sentenced to a term of 10 years, suspended after 3 1/2 years and the disparity justifies a reduction. CT Page 12510-B
It appears that Wynn and the petitioner were involved in the car-jacking of another automobile where the victim stated his car was taken at gun point and the two perpetrators drove to Florida in that car where they were arrested. After her arrest in Florida, Wynn wrote to the New Haven police implicating Santamauro in the instant offense among others.
Any disparity in the sentences is likely due to the circumstances of the people involved. It was Wynn's information which led to Santamauro's arrest and conviction and it was Santamauro who wielded the gun in this armed robbery.
Although Santamauro was only 22 years of age at the time of sentencing, he had accumulated a record for narcotics violations, probation violation, robbery 2nd degree (for which a 3 year sentence was imposed), assault, 3rd degree and multiple violations of the Supervised Home Release Program. Parenthetically the petitioner attributes his criminal behavior to drug addiction.
This was a violent crime fraught with the possibility of, serious consequences. The petitioner has shown little reason to be optimistic about rehabilitative efforts, but rather exhibits an extreme threat to public safety. CT Page 12510-C
The sentencing court was aware of the sentence imposed on Wynn and pointed out that, although it seemed lenient, there may have been reasons for it.
The Division reviews the appropriateness of a sentence pursuant to the Mandate of Practice Book § 942. Applying those standards to the facts of this case, we find the sentence is neither disproportionate nor inappropriate. It is affirmed.
Purtill, Klaczak and Norko, J.s, participated in this decision.